IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

SANDRA H. HUNDLEY                                                                           PLAINTIFF

v.                                   Civil No. 10-2065

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                                              DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Sandra Hundley, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying her claim for a period of disability, disability insurance benefits ("DIB"), and supplemental security income ("SSI") benefits under Titles II and XVI of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

**I.      Procedural Background:**

The plaintiff filed her applications for DIB and SSI on June 11, 2007, alleging disability since December 31, 2006, due to depression, anxiety, bipolar disorder, post traumatic stress disorder ("PTSD"), carpal tunnel syndrome, low blood sugar, right knee problems, lower back problems, and narcolepsy. Tr. 25-26, 129-139, 179, 186, 219, 262. Her applications were initially denied and that denial was upheld upon reconsideration. Tr. 60-63, 80-92. Plaintiff then made a request for a hearing by an Administrative Law Judge ("ALJ"). Tr. 93-94. An administrative hearing was held on February 19, 2009. Tr. 20-57. Plaintiff was present and represented by counsel.

At this time, plaintiff was 42 years of age and possessed the equivalent of a high school education and certification as a certified nurse aide ("CNA"). Tr. 23-24, 74, 180, 184. She had past relevant work ("PRW") experience as a CNA and a vehicle escort driver.

On June 8, 2009, the ALJ found that plaintiff's CTS, mood disorder, ADHD, anxiety, narcolepsy, and alcohol dependence were severe, but did not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4. Tr. 69-71. After partially discrediting plaintiff's subjective complaints, the ALJ determined that plaintiff retained the residual functional capacity ("RFC") to perform light work involving only occasional crawling and kneeling; frequent stooping, crouching, bending, balancing, handling, fingering, and grasping with her dominant left hand; and, no transactional interaction with the public. Tr. 71-74. With the assistance of a vocational expert, the ALJ found plaintiff could perform work as a bench assembler, maid/house cleaner, and patcher. Tr. 75.

Plaintiff appealed this decision to the Appeals Council, but said request for review was denied on March 29, 2010. Tr. 1-4. Subsequently, plaintiff filed this action. ECF No. 1. This case is before the undersigned by consent of the parties. Both parties have filed appeal briefs, and the case is now ready for decision. ECF No. 11, 12.

**II.    Applicable Law:**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d

964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply their impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national

economy given his age, education, and experience. *See* 20 C.F.R. § § 404.1520(a)- (f)(2003). Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § § 404.1520, 416.920 (2003).

### III.   Discussion:

Of particular concern to the undersigned in the ALJ's RFC assessment. RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). A disability claimant has the burden of establishing his or her RFC. *See Masterson v. Barnhart*, 363 F.3d 731, 737 (8th Cir.2004). "The ALJ determines a claimant's RFC based on all relevant evidence in the record, including medical records, observations of treating physicians and others, and the claimant's own descriptions of his or her limitations." *Davidson v. Astrue*, 578 F.3d 838, 844 (8th Cir. 2009)*; Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004); *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel,* 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace." *Lewis v. Barnhart,* 353 F.3d 642, 646 (8th Cir. 2003).

In the present case, the medical evidence revealed that Plaintiff suffered from carpal tunnel syndrome in the left wrist and left cubital tunnel syndrome, as well as osteoarthritis of the

right knee. On October 2, 2007, x-rays of her right knee showed mild osteoarthritic changes involving the three compartments of the knee joint. Tr. 306.

On July 31, 2008, Plaintiff presented to establish care with AHEC. Tr. 413-416. She reported a history of bipolar disorder, manic depression, PTSD, a bad right knee, a bad back, a fractured rib, and narcolepsy. An examination revealed a normal range of motion and strength in both upper extremities, an inability to kneel with the right knee, and surgical scars on both knees. There was also some tenderness to palpation in the lumbosacral spine. Tr. 413-416.

On October 28, 2008, Dr. Keith Bolyard treated Plaintiff for right knee osteoarthritis status post significant old injuries with some instability. Tr. 377-378. He noted that she had a long history of knee problems with open meniscectomy and a torn anterior cruciate ligament. Dr. Axelsen had administered steroid injections, Plaintiff had participated in physical therapy, and Dr. Bolyard had performed an arthroscopy on her buckle handle tear of the lateral meniscus with grade four change of the medial femoral condyle and tibial plateau in 2004. Tr. 383-385, 420-446. On examination, Plaintiff exhibited full extension, full flexion, and an anterior cruciate ligament deficient knee. X-rays showed almost complete obliteration of the medial joint space with the medial much greater than the lateral compartment osteophytes. She had changes on the left as well. Dr. Bolyard gave her Lidocaine/Marcaine/Betamethasone injections and a prescription for a knee sleeve with hinges. He encouraged her to put off any type of surgical intervention as long as she could. Tr. 377-378.

On November 4, 2008, Plaintiff presented with chronic back and right knee pain. Tr. 395-396. She had seen an orthopedist for her knee pain and was administered a cortisone shot

several days prior.  Dr. Freeman assessed her with chronic back pain and knee pain.  He then ordered additional tests to follow-up.  Tr. 395-396.

On December 30, 2008, Plaintiff had fallen off a chair onto her right knee two days prior.  Tr. 388-.389  She was now unable to flex her knee all the way, and the knee was swollen and bruised.  Plaintiff had been using ice packs.  X-ray findings revealed joint effusion and moderately advanced osteoarthritic changes primarily involving the medial compartment of the knee joint space.  There was a question of an avulsed fragment of bone posterior to the distal femur. Tr. 390.  Plaintiff exhibited a full range of motion in her knee, but pain was evident.  Dr. Freeman diagnosed her with knee pain and prescribed an ACE neoprene knee brace.  She was told to continue the Ibuprofen, rest the knee, use the knee brace, continue with the ice, and elevate the knee.  Tr. 388-389.

On March 24, 2009, Plaintiff underwent nerve conduction studies which revealed mild to moderate carpal tunnel syndrome on the left and ulnar neuropathy at the left elbow without degenerative changes.  Tr. 673-674, 681-682, 689-690.

On May 19, 2009, Plaintiff reported some discomfort in her right hand with gripping.  Tr. 678-680, 686-688.  She was experiencing difficulty holding on to things.  X-rays of her left hand and wrist showed no abnormality, but soreness at the wrist and some scant tenderness within the hand were noted on examination.  Dr. Bolyard saw no thenar wasting or ulnar nerve distribution wasting in the hand, which was good.  However, he did think she needed an ulnar nerve transposition, which could be done sub-muscularly.  Tr. 678-680, 686-688.

In spite of this evidence, the ALJ determined that Plaintiff could frequently handle, finger, and grasp with her left hand. He also concluded Plaintiff could occasionally crawl and kneel and frequently stoop, crouch, bend, and balance. However, we do not find substantial evidence to support these findings. It appears that Plaintiff's impairments would impose more significant limitations on her ability to perform these activities than the ALJ has concluded. Therefore, remand is necessary to allow the ALJ to re-evaluate Plaintiff's physical impairments and reassess her RFC.

We also note that the only physical RFC assessment contained within the file was completed by a Suzanne Scott on December 18, 2007. Ms. Scott's credentials are not clear, but she did conclude that Plaintiff's physical impairments were non-severe. Tr. 346-347. *See Jenkins v. Apfel*, 196 F.3d 922, 925 (8th Cir. 1999) (holding that the opinion of a consulting physician who examined the plaintiff once or not at all does not generally constitute substantial evidence). Given that the medical evidence proves Plaintiff's limitations to be greater than those determined by Ms. Scott, but does not indicate the exact degree of limitation imposed by her impairments, we believe remand is also necessary to allow the ALJ to obtain an RFC assessment from a treating doctor. *See Lewis v. Barnhart,* 353 F.3d 642, 646 (8th Cir. 2003) (holding that a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace). On remand, Plaintiff's treating doctors should be asked to assess any and all limitations imposed by her carpal tunnel syndrome, ulnar neuropathy, and anterior cruciate ligament deficiency and osteoarthritis of the knee.

AO72A
(Rev. 8/82)

**IV.     Conclusion:**

Accordingly, we conclude that the ALJ's decision is not supported by substantial evidence and should be reversed and remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 29th day of March 2011.

/s/ J. Marschewski
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE